## JOHN SCOTT v. A. F. GRANT ET AL.

Decided November 16, 1904.

**Sale—Offer—Acceptance—Pleading.**

A contract made by letters between the owner of Texas land living in Kentucky and a proposed purchaser in Texas, consisting of an offer and acceptance at a fixed price, held to require payment or tender of the price by the purchaser to the seller in Kentucky; and a petition showing no offer or willingness to pay at such place held to disclose no cause of action for enforcing specific performance of the contract.

Appeal from the District Court of Mills. Tried below before Hon. John W. Goodwin.

*Leonard Doughty,* for appellant.—The court erred in concluding that appellant must have made actual payment or tender of payment in order to be entitled to a decree of specific performance of the contract alleged in this case. Johnston had made a proposition to sell, and appellant accepted it and tendered a deed to Johnston for his signature, to complete the trade, upon which the consideration would be forthcoming; but while this was pending and the deed so tendered was in his possession, Johnston, in despite, sold the land to Grant by warranty deed. And it thereupon became the right of appellant to have judicial ascertainment of the status of parties and such a decree as would again place Johnston in a position where he could perform the contract, and an adjudication that it should be so performed upon plaintiff performing his part of it. Kalklosh v. Haney, 4 Texas Civ. App., 118; Spann v. Sterns, 18 Texas, 565; Ward v. Worsham, 78 Texas, 180; Jones v. Jones, 49 Texas, 683; Farris v. Bennett, 26 Texas, 568.

*R. L. H. Williams* and *R. E. Grant,* for appellees.—To enforce a specific performance of a contract to convey land, for which a party has agreed to pay in money, labor, or in some other manner, the petitioner must inform the court, by proper pleading, what money was to be paid, what labor performed, and the like averments. And there should be allegations showing a performance on his part, or a good reason why it has not been done, accompanied by a tender of what might still be due. Ward v. Stuart, 62 Texas, 336; Kruegal v. Berry, 75 Texas, 230; Sayles Texas Pl. and Forms, 250, 251.

KEY, ASSOCIATE JUSTICE.—The correctness of the ruling of the trial court in sustaining a general demurrer to the plaintiff's petition is the only question involved in this appeal. The petition reads as follows:

"To the Hon. John W. Goodwin, Judge of said Court: Your petitioner, John Scott, hereinafter called plaintiff, complaining of A. F. Grant and J. A. Johnston, hereinafter called defendants, represents:

"That plaintiff and defendant A. F. Grant are both resident citizens of Mills County, State of Texas, and defendant J. A. Johnston is a resident citizen of Adair County, State of Kentucky, U. S. A.

"For cause of action concerning the hereinafter described land plaintiff shows: That heretofore, to wit, on October 22, 1903, plaintiff was desirous of purchasing the hereinafter described real estate, and that defendant J. A. Johnston was the owner of same, and therefore plaintiff caused to be written to defendant J. A. Johnston a letter to the effect that plaintiff desired to purchased such land, and asking said Johnston for his lowest figure on same. Which letter was sent by post and received by said Johnston on November 6, 1903, at his home and place of residence in Adair County, Kentucky, and on November 7, thereafter, the said Johnston answered said letter stating that he would take $200 down and two notes of $250 each, due at one and two years; or would sell same for cash in hand for $660; which letter said Johnston posted addressed to the person who had at plaintiff's instance and request written him for an offer; and the same was received by such person on, to wit, November 10, 1903, and communicated to plaintiff.

"By way of explanation plaintiff shows that he was at and some months previous to the above dates occupying the hereinafter described premises as tenant of said Johnston; and plaintiff is yet in possession of said land occupying same, and holding and claiming same under the contract of sale herein alleged. And on October 6, 1903, the said Johnston, in answer to a letter written at plaintiff's instance and request by the same person who wrote the letter above referred to concerning a continuance of plaintiff's lease during the year 1904, wrote such person, and there was communicated to plaintiff a letter regarding Johnston's intentions concerning said lands in which he stated that he had had some propositions to sell said lands, but he did not think he would sell before January (meaning January, 1904).

"Plaintiff further represents that upon receipt of the said letter of November 7, 1903, he considered the offers therein made, and accepted the offer therein to sell the lands for $660 cash; and on to wit, December 10, 1903, he telegraphed his acceptance of said offer to said Johnston, and the same was received by said Johnston, to wit, December 11, 1903; and plaintiff thereupon, to wit, on December 10, 1903, had a deed to said land prepared conveying same to him by said Johnston, and on to wit, December 10, 1903, the same was sent by post to said Johnston, and the same was by him received on, to wit, December 13, 1903; and therewith was sent to and received by said Johnston a letter again notifying him of plaintiff's acceptance of said offer and instructing him to sign and acknowledge said deed and return with draft attached or in any way he chose, and upon receipt the amount of his offer would be paid for same.

"But notwithstanding such contract and sale, the defendant Johnston did on December 16, 1903, make, execute and acknowledge to defendant Grant a deed of conveyance to said lands, which are known and described as follows: Lot No. 2 in block No. 17 of the town of Goldthwaite, Mills County, Texas, according to the map of the plan of said town. Which deed is a general warranty deed conveying the said land from said Johnston to said Grant in fee simple. And in this connection plaintiff shows that defendant Grant well knew at the time he received said deed, and at the time he had same prepared at Goldthwaite, Texas, to send the said Johnston for his signature and acknowledgment, as he

did so have it prepared on to wit, December 11, 1903, that said John-ston had made the offers aforesaid to plaintiff, and that plaintiff had accepted one of them. And, in despite, prepared and sent such deed to said Johnston, and procured same to be signed, executed and acknowl-edged by said Johnston, and received same from him and caused same to be recorded in the deeds records of Mills County, Texas, in volume 18, at page 392 thereof. And the said deed is in possession of said Grant, and he is notified to produce same upon the trial hereof, or secondary evidence of its contents will be relied upon and introduced.

"Plaintiff shows that he is ready and at all times has held himself ready to fulfill his acceptance of said offer; and if the title to said land yet remained in said Johnston so that he could convey same without judicial ascertainment, plaintiff would tender to him the amount due by plaintiff for said land, to wit, $660. But inasmuch as said Johnston has placed the title to said land out of himself so that he can not, without judicial ascertainment, convey same, plaintiff is advised that a tender is useless.

"Premises considered, plaintiff prays that defendant be cited to answer this petition in terms of the law; and upon a hearing hereof he have judgment decreeing the contract between himself and said John-ston as afore alleged, and quashing the deed from said Johnston to said Grant; and decreeing specific performance of said contract upon payment by plaintiff to said Johnston of said $660; and that the pur-ported title in said grant be declared void and forever held for naught, and that said judgment be made as will be a muniment of title in plain-tiff to said land. And that he have such judgment for costs herein as may be legal; and all other and further relief in law and equity to which his allegations may entitle him."

We are of opinion that the contract sued on required the plaintiff to pay for the land, or tender payment, in Kentucky at the residence or place of business of the defendant Johnston. This may not have been expressly stated in the written instruments evidencing the contract, but it is a reasonable and fair implication from the terms of those instru-ments, and should be held to be the intention of the parties. Such be-ing the meaning and effect of the written contract, we hold that the plaintiff's petition was insufficient and failed to disclose a cause of ac-tion, because it failed to show either payment or tender of the purchase money at the place required by the contract, and failed to furnish a suffi-cient excuse for noncompliance on the plaintiff's part.

The plaintiff's attempt to induce Johnston to execute a deed and ap-point an agent in Texas to deliver the same and receive the purchase money, affords no excuse for his failure to tender the purchase money at the place contemplated by the contract. Not having agreed to do so, Johnston was under no obligation to appoint an agent in Texas to act for him in consummating the sale.

The petition does not allege that the plaintiff was able and willing to pay the purchase money in Kentucky, as required by the contract; and that he would have done so within a reasonable time, if Johnston had not conveyed the land to the defendant Grant, thereby rendering it impossible for Johnston to comply with his part of the agreement;

and we are not called upon to decide what would have been the plaintiff's rights on such a state of facts. The petition seeks a recovery under the theory that it was Johnston's duty, at the plaintiff's request, to appoint an agent in Texas to deliver the deed and accept the purchase money; and that his failure to do so and the subsequent sale of the land to Grant excuses the plaintiff for his failure to tender payment at the place required by the contract. We can not yield assent to this contention, and hold, as did the trial court, that the petition is obnoxious to a general demurrer.

*Affirmed.*

Writ of error refused.